# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, )<br>      Plaintiff, )<br>       )<br>vs. )<br>       )<br>THOMAS COOPER and ERIC W. TROSCH, )<br>      Defendants. ) | Civil Action No. 07-00974<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Stay Proceedings [20], filed by Defendant Thomas Cooper on April 4, 2008. On April 30, 2008, Plaintiff Allstate Insurance Company filed Allstate's Response to Defendant Cooper's Motion to Stay Proceedings (Docket No. 23). On May 1, 2008, Plaintiff Allstate filed Allstate's Supplemental Response to Defendant Cooper's Motion to Stay Proceedings (Docket No. 24), in which Plaintiff attaches Defendant Trosch's Amended Complaint in Civil Action as to the underlying state court action and reasserts its argument in opposition to a stay. Defendant Trosch had until May 6, 2008 within which to file a response, but he did not do so. Hence, the instant motion is fully briefed and ripe for disposition.

## BACKGROUND

Briefly, the relevant background is as follows. On July 12, 2007, Allstate filed a Complaint for Declaratory Judgment against Defendants Cooper and Trosch.[1] This declaratory judgment action stems from another civil action between Defendants Trosch and Cooper, in which Trosch, a high school principal, brought an action for defamation against Cooper and three other defendants, all

---

[1] While the Complaint named "Thomas Cooper" as a Defendant, on April 8, 2008, the parties filed a Stipulation of Counsel, indicating that Defendant "Thomas Cooper" shall be replaced by Defendant Thomas Cooper, Jr. (Docket No. 21). On the same day, the Court granted said Stipulation. (Docket No. 21).

students at Hickory High School in Hermitage, Pennsylvania. There, the defendants allegedly created profiles on the popular peer networking website "MySpace.com," which included derogatory and defamatory statements about Trosch. On or about February 2, 2007, Trosch filed a Complaint in Civil Action against Cooper (as well as the three other defendants) alleging defamation. (*See* Docket No. 1, Exh B). That case is still pending.

On July 12, 2007, Allstate filed the instant declaratory judgment action against Defendants Trosch and Cooper, seeking a determination as to liability coverage or a defense owed to Defendant Cooper under an Allstate Deluxe Plus Homeowner's Policy ("Policy"), issued to Defendant Cooper's father with a period of coverage from July 22, 2005 to July 22, 2006. Specifically, Allstate claims that the Policy was intended to cover property damage and bodily injury that resulted or was caused by an accident, not intentional acts, i.e., defamation. On September 25, 2007, Defendant Trosch filed Defendant Eric W. Trosch's Answer to Plaintiff's Complaint, (Docket No. 5), and on January 25, 2008, Defendant Cooper filed his Answer to Complaint for Declaratory Judgement. On March 20, 2008, the Court held a case management conference, at which Defendant Cooper advised the Court and the parties that he intended to seek a stay of the instant action. Thus, the Court set a briefing schedule for the anticipated motion and held in abeyance the case management order and order referring case to alternative dispute resolution pending resolution of the same.

## ANALYSIS

In support of his motion to stay, Defendant Cooper asserts that the issue of insurance coverage potentially available to him hinges upon facts to be determined in the underlying state court action insofar as while Defendant Trosch has alleged conduct (in the underlying state court action) that may be excluded from coverage based on the intent and knowledge of Defendant Cooper, "there

2

is the potential for the claim to be covered if a different level of knowledge or intent were to be found by the jury." (Docket No. 20 at 9). In response, Allstate contends that Pennsylvania law instructs that a determination as to whether an insurer must provide a defense derives from the allegations in the complaint viewed against the policy at issue. (Docket No. 23 at ¶¶9-10).

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *International Fidelity Ins. Co. v. Podlucky*, Civil Action No. 07-0235, 2007 WL 2752139, at *2(W.D. Pa. Sept. 19, 2007) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Specifically, in the context of a declaratory judgment, a discretionary standard governs a district court's decision to stay a declaratory judgment action during parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). "The Third Circuit 'has set out the following general guidelines for the exercise of discretion under the [Declaratory Judgment] Act: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies.'" *Federal Ins. Co. v. D'Aniello*, No. 2:05-CV-305, 2006 WL 287390, at *2 (W.D. Pa. Feb. 6, 2006) (quoting *Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1224 (3d Cir. 1989)) (applying the factors regarding whether to stay a declaratory judgment action). In addition, the Court in *Terra Nova* also considered whether there were similar factual determinations necessary in both fora and therefore duplicative litigation should be avoided. *Terra Nova*, 887 F.2d at 1225; *see also Britamco Underwriters, Inc. v. Stone*, Civ. A. No. 91-4691, 1992 WL 38131, at *3 (E.D. Pa. Feb. 21, 1992).

The Court finds that said factors balance in favor of a stay. First, as to the likelihood that the instant declaration will resolve the uncertainty of obligation, while resolution of the instant action

3

may resolve any uncertainty concerning whether Allstate has a duty to defend under the Policy, a closer look at the allegations in the Amended Complaint in Civil Action in the underlying state court case reveals the potentiality of coverage. Plaintiff Allstate construes the Amended Complaint as "replete with allegations of only intentional conduct against Defendant Cooper," (Docket No. 23 at ¶8), specifically pointing to ¶¶17-23 and 25-33 in the same. Hence, according to Allstate, the Policy does not provide coverage because the intentional conduct (as plead) cannot fall under the term "occurrence" as defined within the Policy, which only refers to an accident. (Docket No. 23 at ¶8). However, under Pennsylvania law, "an act is intentional only if 'the actor desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result.'" *State Farm Fire & Cas. Co. v. Corry*, 324 F.Supp.2d 666, 672 (E.D. Pa. 2004) (quoting *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 989 (Pa. Super. 1986)). In the Court's estimation, it is questionable (at best) whether the allegations of the Amended Complaint as to Defendant Cooper encompass intentional conduct in line with Pennsylvania law. Thus, the Court finds that the Policy may potentially provide coverage. *See Aetna Cas. and Sur. Co. v. Roe*, 437 Pa.Super. 414, 422 (Pa. Super. 1994) ("The insurer is obligated to defend if the factual allegations of the complaint on its face comprehend an injury which is actually or potentially within the scope of the policy"). Second, as to the convenience of the parties, the Court finds that it would cause a significant inconvenience (in terms of both time and money) for Defendants Cooper and Trosch to simultaneously litigate the underlying state court action as well as the instant declaratory judgment action. Third, as to the public interest, the Court finds that this factor does not appear to apply and thus, does not tip the scales in either direction. Fourth, as to the availability of other remedies, at the March 20, 2008 case management conference, counsel for the parties indicated the potential of a

global mediation. Fifth and finally, while the two actions do not involve identical issues insofar as the declaratory judgment concerns insurance coverage and the underlying state court action concerns the alleged tort, the Court finds that the same factual questions lie at the heart of both actions. Accordingly, considering the above factors as well as the broad discretion vested in this Court with regard to declaratory judgment actions, *see Wilton*, 515 U.S. at 286 ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants"), the Court finds that a stay is appropriate here.

In support of its argument, Allstate primarily relies upon *Wilson v. Maryland Casualty Co.*, 105 A.2d 304 (1954), in which the Supreme Court of Pennsylvania found that the a plaintiff's claim of coverage stemming from an assault and battery was expressly excluded from the coverage of the policy and thus, the insurance company had no duty to defend. After analyzing case law from a variety of courts, the Supreme Court reversed and entered judgment in favor of the defendant insurance company. Allstate cites *Wilson* for the following passage: "[T]he rule everywhere is that the obligation of a casualty insurance company to defend an action brought against the insured is to be determined solely by the allegations of the complaint in the action ... ." *Id.* at 307. While the Court does not *per se* disagree, *see Aetna Cas. and Sur. Co. v. Roe*, 437 Pa.Super. at 422, the same does not translate into denial of the requested stay. In particular, the Court finds significant the differences in the procedural posture of *Wilson* versus the instant matter. First, the Supreme Court of Pennsylvania heard the *Wilson* case on an appeal from a entry of judgment in favor of the insured as opposed to the instant matter, which is before the Court on a motion to stay. And second, and perhaps more significantly, Allstate filed the instant matter as a declaratory judgment action under

5

Federal Rule of Civil Procedure 57, *see* Fed.R.Civ.P. 57,[2] and, according to the Supreme Court, "[d]istinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions ... ." *Wilton*, 515 U.S. at 286. Hence, in the Court's view, the above-cited passage in *Wilson* lends little support (if any) to Allstate's opposition to Cooper's motion to stay.[3]

The Court notes that this precise issue arose recently in a related case, in which the U.S. Court of Appeals for the Third Circuit affirmed an order of the district court staying a declaratory judgment action pending resolution of the underlying state court action. *See The Cincinnati Ins. Co. v. Trosch*, No. 07-3412, 2008 WL 741047, at *1 (3d Cir. March 20, 2008) (not precedential).[4]

---

[2]

    Rule 57 provides, in full:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

Fed.R.Civ.P. 57.

[3]

    Plaintiff Allstate also directs the Court to *Prudential Property & Casualty Insurance Company v. Upton*, No. 821 EDA 2003 (Pa. Super. Jan. 22, 2004). However, for the same reasons that *Wilson* is procedurally distinguishable from the instant matter, the *Upton* case provides little assistance to Allstate in opposition to the motion to stay.

[4]

    The Court notes that Federal Rules of Appellate Procedure allows citation to not precedential opinions issued after January 1, 2007. *See* Fed.R.App.P. 32.1(a) ("A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; *and* (ii) issued on or after January 1, 2007") (emphasis added). Nonetheless, the Court notes that *Cincinnati Insurance* is not binding precedent. *See* 3rd Cir. L.A.R. App. I, I.O.P. 5.7 ("Citations").

Anticipating reliance on the same, Allstate attempts to distinguish *Cincinnati Insurance*, asserting that the policy there contained specific language as to defamation of character. (Docket No. 23 at ¶14). However, the U.S. Court of Appeals did not rest its holding on the same, but rather, after noting that the duty to defend is triggered when the complaint involves an injury that is "actually or potentially" within the scope of the policy, the Court provided the following brief analysis: "Although the complaint in the Underlying Action avers conduct that would be excluded because of the alleged intent and knowledge of the Gebhart Defendants, there is the potential for the claim to be covered if a different level of knowledge or intent *were to be found by the jury*." *Id.* at *1 (emphasis added). The Court finds that the same holds true here.

## CONCLUSION

Accordingly, based on the foregoing, the Court GRANTS Defendant Cooper's Motion to Stay Proceedings [20] and the Court ORDERS that the instant action is hereby STAYED pending resolution of the underlying state court action at Civil Division No. 2006-4208 in the Court of Common Pleas of Mercer County, Pennsylvania.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:   All counsel of record.

Date:   May 7, 2008.